UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFFSON ST-HILAIRE, <br> MERLANGE MEME, <br> EVENKS MEME, <br> NADEGE JEAN MARIE, <br> L.M.D.M. by her next friend Martin Welp, on their own behalf and on behalf of a class of those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> COMMISSIONER OF THE INDIANA BUREAU OF MOTOR VEHICLES, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 1:23-cv-01505-TWP-TAB |

**ORDER DISMISSING PENDING MOTION WITHOUT PREJUDICE TO REFILE**

This matter is before the Court on its *sua sponte* Order **dismissing without prejudice**, Plaintiff's Motion for Class Certification. (Filing No. 9).

This action challenges the constitutionality and legality of Indiana House Enrolled Act 1050 ("H.E.A. 1050"), the relevant portions of which are codified at Indiana Code § 9-14-8-3.5 and Indiana Code § 9-13-2-121.5. The plaintiffs brought this action on their own behalf and on behalf of a class of those similarly situated pursuant to Rule 23(a) and Rule 23(b)(2) of the Federal Rules of Civil Procedure, and defined the putative class as:

> All current and future Indiana residents admitted to the United States on humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5)(A) who are not citizens or nationals of Ukraine and who did not last habitually reside in Ukraine, and who are not eligible for a driver's license or identification card under section 202 of the REAL ID Act of 2005.

*Id*. at 1-2.

After the Court granted Plaintiff's Motion for preliminary injunction, Defendants initiated an appeal and the Court granted the parties joint motion for partial stay of the proceedings, except for the Plaintiff's Motion for Class Certification. (Filing No. 54, Filing No. 55).

On March 13, 2024, the Governor of Indiana signed into law House Enrolled Act 1162 ("H.E.A. 1162"), which repealed, effective upon passage, Ind. Code §§ 9-13-2-121.5 and 9-14-8-3.5 in their entirety.[1]  *See* 2024 Ind. Legis. Serv. P.L. 141-2024, Sections 5, 9 (Mar. 3, 2024) (West). In light of the passage of H.E.A. 1162, it appears that there is no longer an ongoing controversy.  More specifically, the plaintiffs' complaint is focused on the particular statutes above[2] and the Indiana General Assembly has "repeal[ed], revise[d], or replace[d]" the challenged law of H.E.A. 1050, thereby "remov[ing] the complained-of defect."  *Ozinga v. Price*, 855 F.3d 730, 734 (7th Cir. 2017).

For judicial economy and because the issue of class certification may be mooted, the Court *sua sponte* **DISMISSES without prejudice,** the Motion for Class Certification (Dkt. 9). If the controversy remains alive, Plaintiff may request leave to refile this motion.

**SO ORDERED**.

Date:  3/25/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

---

[1] H.E.A. 1162 additionally deleted Ind. Code § 9-13-2-78(8) (May 4, 2023), *see* 2024 Ind. Legis. Serv. P.L. 141-2024, Section 3 (Mar. 3, 2024) (West), which although left unmentioned in Plaintiffs' Complaint, was also under scrutiny as the subsection defined Indiana resident as a person who was living in Indiana and had been granted "parole" status, which Ind. Code § 9-13-2-121.5 defined (*see* Filing No. 25 at 10).

[2] The Complaint additionally requests relief from the emergency rule related to H.E.A. 1050 — *i.e.*, the emergency rule promulgated under LSA Document #23-365(E) (*see* Filing No. 1-1) — but this relief is dependent upon Ind. Code § 9-13-2-121.5 (*see, e.g.*, LSA Document #23-365(E) at 4 (Section 3 amending 140 IAC 7-1.1-3(a) in terms of Ind. Code § 9-13-2-121.5)).  Accordingly, the requested relief from the emergency rule is likewise mooted upon repeal of Ind. Code § 9-13-2-121.5, as the rule has become a nullity for the purposes of providing relief under the Complaint. *See Subaru-Isuzu Auto., Inc. v. Ind. Dep't of State Revenue*, 782 N.E.2d 1071, 1076 n.8 (Ind. T.C. 2003) (citing *Hutchison v. Ind. State Bd. of Tax Comm'rs*, 520 N.E.2d 1281, 1283 (Ind. T.C. 1988) ("An administrative rule is a nullity where the provision upon which the rule is based has been repealed").

DISTRIBUTION:

James A. Barta
Betsy M. DeNardi
OFFICE OF THE INDIANA ATTORNEY GENERAL
james.barta@atg.in.gov
betsy.denardi@atg.in.gov

William Bock, III
Adam R. Doerr
KROGER GARDIS & REGAS
wbock@kgrlaw.com
adoerr@kgrlaw.com

Tanya Broder
Nicholas David Espiritu
Lisa Graybill
NATIONAL IMMIGRATION LAW CENTER
broder@nilc.org
espiritu@nilc.org
graybill@nilc.org

Gavin Minor Rose
Stevie J. Pactor
Kenneth J. Falk
ACLU OF INDIANA
grose@aclu-in.org
spactor@aclu-in.org
kfalk@aclu-in.org