IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFFSON ST-HILAIRE, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 1:23-cv-01505-TWP-TAB ) |
| COMMISSIONER OF THE INDIANA BUREAU OF MOTOR VEHICLES, in his official capacity, | ) ) ) ) ) |
| Defendant. | ) |

## JOINT STATEMENT ON REMAND PURSUANT TO LOCAL RULE 16-2

**COME NOW** all parties, by their respective counsel, and pursuant to Local Rule 16-2 submit their joint statement of position on remand. Specifically, the parties state as follows:

1. On August 23, 2023, the plaintiffs filed their Complaint (Dkt. 1) in this matter. In general, the Complaint challenges the legality and constitutionality of Indiana House Enrolled Act 1050 ("H.E.A. 1050"), which was signed into law by the Governor on May 4, 2023, and which authorized certain persons from Ukraine paroled into the United States to obtain an Indiana driver's license or identification card and to register or title vehicles.

2. Contemporaneously with the filing of their Complaint, the plaintiffs filed their Motion for Preliminary Injunction (Dkt. 8) and their Motion for Class Certification (Dkt. 9).

3. On January 11, 2024, this Court issued its Order on Plaintiffs' Motion for Preliminary Injunction (Dkt. 45) and its Preliminary Injunction (Dkt. 46), in which it granted the plaintiffs' preliminary-injunction request and preliminarily enjoined the enforcement of the challenged provisions of H.E.A. 1050. The defendant ("Commissioner") timely appealed the issuance of a preliminary injunction to the Seventh Circuit Court of Appeals (Dkt. 52) and, by agreement of the

parties, proceedings in this Court were stayed "except as is necessary to resolve the plaintiffs' Motion for Preliminary Injunction" (Dkts. 54 & 55).

4. Subsequent to the issuance of the preliminary injunction and the filing of the Commissioner's Notice of Appeal, the Indiana General Assembly enacted, and the Governor signed, House Enrolled Act 1162 ("H.E.A. 1162"). H.E.A. 1162, which took effect on March 13, 2024, repealed H.E.A. 1050's directive to issue credentials and registrations to persons granted "parole," regardless of the persons' national origin.

5. Following the enactment of H.E.A. 1162, this Court dismissed without prejudice the plaintiffs' Motion for Class Certification (Dkt. 63) and the parties jointly asked the Seventh Circuit to vacate the preliminary injunction and remand the Commissioner's appeal to this Court for further proceedings. That latter request was granted on April 12, 2024.

6. On remand, one or more of the plaintiffs is contemplating amending the Complaint to address the enactment and effect of H.E.A. 1162. Because the Commissioner has not answered the Complaint, leave of Court is not necessary for amendment. The parties propose that any amended complaint shall be filed on or before May 20, 2024, and that any response will be due on or before June 28, 2024. The parties further propose that, following the filing of any amended complaint, this case should be set for a status conference before the Magistrate Judge for the purpose of establishing additional case-management deadlines. The plaintiffs do not intend to renew their Motion for Class Certification.

7. In the event that the plaintiffs decide against amending the Complaint to address the enactment and effect of H.E.A. 1162, they shall promptly notify counsel for the Commissioner and the parties will confer to determine the effect of that decision on this litigation.

**WHEREFORE,** pursuant to Local Rule 16-2, the parties submit their joint statement of

position on remand, and request all proper relief.

| | |
|---|---|
| *For the plaintiffs:* | *For the defendant:* |
| /s/ Gavin M. Rose | /s/ James A. Barta (with permission) |
| Gavin M. Rose | James A. Barta |
| ACLU of Indiana | Office of the Indiana Attorney General |
| 1031 E. Washington St. | IGCS – Fifth Floor |
| Indianapolis, IN  46202 | 302 W. Washington St. |
| | Indianapolis, IN  46204 |